JOSHUA N. KASTAN (SBN 284767)
JNK@dkmlawgroup.com
**DKM Law Group, LLP**
535 Pacific Avenue, Ste. 101
San Francisco, CA 94133
Telephone: (415) 421-1100
Facsimile: (833) 790-5202

Attorneys for Plaintiff
FIRST HOME BANK, a Florida banking corporation

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| FIRST HOME BANK,<br>a Florida banking corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BRIAN WOODS d/b/a WOODS PLUMBING,<br>and BRIAN SCOTT WOODS,<br><br>　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>　1. Breach of Contract;<br>　2. Unjust Enrichment; and<br>　3. Promissory/Equitable Estoppel.<br><br>**DEMAND FOR JURY TRIAL** |

　　　Plaintiff, FIRST HOME BANK, a Florida banking corporation, as and for its Complaint against the above-named Defendants, states and alleges as follows:

**JURISDICTION AND PARTIES**

　　　1.　　Plaintiff, FIRST HOME BANK ("Lender"), is a Florida banking corporation, with its principal place of business located at 9190 Seminole Blvd., Seminole, Florida 33772.  At all times pertinent hereto Lender has been a Florida banking corporation, duly organized under the laws of Florida.

　　　2.　　Defendant, BRIAN WOODS d/b/a WOODS PLUMBING ("Borrower"), is, upon information and belief, a California sole proprietorship with its principal place of business and last known address of 1020 Piermont Way, Galt, California 95632.

　　　3.　　Defendant, BRIAN SCOTT WOODS ("Guarantor"), is, upon information and belief, a California citizen who is currently domiciled in the State of California, having a last known address

of 1020 Piermont Way, Galt, California 95632.

4. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), as this matter involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum specified in 28 U.S.C. § 1332(b).

5. Venue is proper in the United States District Court for the Eastern District of California, Sacramento Division, pursuant to U.S.C. § 1391(b)(2), because, among other things, the Defendants reside in the District.

**GENERAL ALLEGATIONS**

6. On December 30, 2016, Borrower, made, executed, and delivered to Lender that certain promissory note in the original principal amount of Two Hundred Ninety-Five Thousand and 00/100 Dollars ($295,000.00) ("Note"). A true and correct copy of the Note is attached hereto as **Exhibit "A"**.

7. The Note is secured, in part, by that certain security agreement executed by Borrower, in favor of Lender, dated December 30, 2016 ("Security Agreement"), pursuant to which Borrower granted to Lender a security interest in, among other things, all equipment, inventory, accounts, instruments, chattel paper, general intangibles, and documents of Borrower (collectively, "Collateral"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit "B"**.

8. Lender perfected its security interest in the Collateral by filing that certain UCC financing statement with the California Secretary of State on December 23, 2016 as Filing No. 167562804524 ("Financing Statement"). A true and correct copy of the Financing Statement is attached hereto as **Exhibit "C"**.

9. Lender is not presently seeking an order for the repossession of the Collateral, but specifically restates and reaffirms its perfected security interest therein and reserves its rights in and to the Collateral.

10. The Note is further secured by that certain guaranty executed by Guarantor, in favor of Lender, dated December 30, 2016 ("Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit "D"**.

11. The Note, Security Agreement, Financing Statement, Guaranty, and all other

documents executed in connection therewith shall hereinafter sometimes be referred to collectively as the "Loan Documents".

12. Borrower and Guarantor defaulted in their obligations to Lender due under the Loan Documents.

13. Despite Lender's demands on Borrower and Guarantor to pay the principal, accrued interest, and other charges due and owing under the Note, Borrower and Guarantor have failed and refused, and continue to fail and refuse, to remit payment of the same.

14. As of January 16, 2018, there was due and owing under the Note the total amount of Two Hundred Eighty-Four Thousand Six Hundred Fifty-Six and 82/100 Dollars ($284,656.82), which consists of outstanding principal of Two Hundred Eighty-One Thousand Nine Hundred Twenty-Seven and 22/100 Dollars ($281,927.22), accrued but unpaid interest to January 16, 2018, of Two Hundred Twenty-Four and 00/100 Dollars ($224.00), which continues to accrue to the date of final judgment at the present daily rate of Fifty-Six and 00/100 Dollars ($56.00), late charges of Four Hundred Ninety-Three and 01/100 Dollars ($493.01), inspection fees of One Hundred Ninety-Five and 00/100 Dollars ($195.00), plus all costs of collection, including reasonable attorneys' fees, incurred by Lender.

15. The Loan Documents provide that and Borrower and Guarantor shall pay Lender's costs of collection including, but not limited to, reasonable attorneys' fees in the event that Borrower and/or Guarantor default in their respective obligations under the Loan Documents.

16. Lender has retained the undersigned to enforce its rights and remedies under the above-described Loan Documents and to assist it in the collection of all amounts due and owing under the Note.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

17. For the First Cause of Action of its Complaint herein, Lender restates and realleges the forgoing Paragraphs as though fully stated herein.

18. The Loan Documents are based on adequate consideration except that Borrower and Guarantor have failed to perform their respective duties and obligations thereunder.

19. Lender has performed all of its duties and obligations under the Loan Documents.

20. Borrower and Guarantor have breached the terms and conditions of the Loan Documents, which breach has damaged Lender and caused it to incur attorneys' fees and costs of collection.

21. Lender is entitled to judgment against Borrower and Guarantor for all amounts remaining due under the Note, plus all costs of collection, including reasonable attorneys' fees, incurred by Lender.

22. Lender is accordingly entitled to relief as set forth in the prayer for relief below.

## SECOND CAUSE OF ACTION

## (Unjust Enrichment)

23. For the Second Cause of Action of its Complaint herein, Lender restates and realleges the forgoing Paragraphs as though fully stated herein.

24. Lender is in possession of the Note, which evidenced loan advances to Borrower, for which there remains an unpaid principal balance of Two Hundred Eighty-One Thousand Nine Hundred Twenty-Seven and 22/100 Dollars ($281,927.22), as of January 16, 2018.

25. Borrower and Guarantor received the proceeds and benefits from the loan referenced herein, and continue to retain the benefits arising therefrom, without repaying Lender for the same.

26. Borrower and Guarantor have failed and refused, and continue to fail and refuse, to remit payment of the loan proceeds advanced under the Note.

27. Borrower and Guarantor should not benefit from the aforementioned loan proceeds given that Borrower and Guarantor have failed to repay the obligations, as set forth in the Note, Guaranty, and Loan Documents.

28. Borrower and Guarantor will continue to benefit by retaining said loan proceeds and the benefits therefrom without repaying Lender for the same, which presents circumstances which would make it unjust to permit Borrower and Guarantor to retain said loan proceeds and the benefits associated therewith, without repaying the same pursuant to the terms and conditions of the Note, Guaranty, and Loan Documents.

29. Borrower and Guarantor have been unjustly enriched and injustice can only be

1  avoided by ordering payment for damages by Borrower and Guarantor for the total amount due and
2  owing under the Note.

3     30.   Lender is accordingly entitled to relief as set forth in the prayer for relief below.

**THIRD CAUSE OF ACTION**

**(Promissory/Equitable Estoppel)**

6     31.   For the Third Cause of Action of its Complaint herein, Lender restates and realleges
7  the forgoing Paragraphs as though fully stated herein.

8     32.   Borrower and Guarantor made numerous promises and representations to Lender
9  including, without limitation, that Borrower and Guarantor would abide by the terms and conditions
10 of the Loan Documents. These promises and representations were made with the full knowledge that
11 Lender would rely thereon by entering into the loan transaction evidenced by the Loan Documents.

12    33.   Borrower and Guarantor knew, or should have known, that such promises and
13 representations would induce action or forbearance of a definite and substantial character on Lender's
14 behalf.

15    34.   Lender did reasonably rely upon the promises and representations of Borrower and
16 Guarantor by entering into the Loan Documents.

17    35.   Injustice can only be avoided by estopping Borrower and Guarantor from denying the
18 aforementioned promises and representations and that Lender be entitled to judgment against
19 Borrower and Guarantor for the total amount due and owing under the Note.

20    36.   Lender is accordingly entitled to relief as set forth in the prayer for relief below.

**PRAYER FOR RELIEF**

22    **WHEREFORE**, Plaintiff, FIRST HOME BANK, prays for relief against Defendants,
23 BRIAN WOODS d/b/a WOODS PLUMBING, and BRIAN SCOTT WOODS, as follows:

24    1.   Pursuant to the First, Second, and Third Causes of Action set forth in the Complaint
25 herein, that judgment be rendered against Defendants, BRIAN WOODS d/b/a WOODS PLUMBING
26 and BRIAN SCOTT WOODS, in favor of Plaintiff, FIRST HOME BANK, for the total amount due
27 and owing under the Note of Two Hundred Eighty-Four Thousand Six Hundred Fifty-Six and 82/100
28 Dollars ($284,656.82), which consists of outstanding principal of Two Hundred Eighty-One

Thousand Nine Hundred Twenty-Seven and 22/100 Dollars ($281,927.22), accrued but unpaid interest to January 16, 2018, of Two Hundred Twenty-Four and 00/100 Dollars ($224.00), which continues to accrue to the date of final judgment at the present daily rate of Fifty-Six and 00/100 Dollars ($56.00), late charges of Four Hundred Ninety-Three and 01/100 Dollars ($493.01), fees of One Hundred Ninety-Five and 00/100 Dollars ($195.00), plus all costs of collection, including reasonable attorneys' fees, incurred by Plaintiff, FIRST HOME BANK.

2. For attorneys' fees and costs, according to proof.

3. For an award of prejudgment interest.

4. For interest upon any judgment entered as provided by law.

5. For such further and other relief as the Court deems just.

Dated: February 27, 2018     DKM LAW GROUP, LLP

By  /s/ Joshua N. Kastan
JOSHUA N. KASTAN
Attorneys for Plaintiff
FIRST HOME BANK

**DEMAND FOR JURY TRIAL**

Plaintiff FIRST HOME BANK hereby demands a trial by jury.

Dated: February 27, 2018     DKM LAW GROUP, LLP

By  /s/ Joshua N. Kastan
JOSHUA N. KASTAN
Attorneys for Plaintiff
FIRST HOME BANK